IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **GENIA CLARK BOWDEN,** | ] |
| Plaintiff, | ] |
| v. | ] |
| | ] Case No.: 2:15-cv-620-KOB |
| **ROB COOK,** *et al.*, | ] |
| Defendants. | ] |

**MEMORANDUM OPINION**

This case stems from Plaintiff Genia Clark Bowden's allegations that Defendant Rob Cook, a Deputy Sheriff with the Cullman County Sheriff's Department, arrested and strip searched her, in violation of 42 U.S.C. § 1983 and state law. Bowden has sued both Deputy Sheriff Cook, in his individual and official capacity, and the Cullman County Commission.

Bowden's Complaint, however, has suffered from numerous deficiencies from day one, including improper pleading and failure to state legally-cognizable claims. The court has given Bowden ample opportunity to amend her Complaint and state viable claims against the Defendants, but Bowden has repeatedly failed to do so. Therefore, the court will now take action to correct the deficiencies in Bowden's Complaint. The court will SUA SPONTE STRIKE the legally deficient portions of Bowden's most recent Amended Complaint, allowing Bowden to proceed with the properly pled claims against Defendant Cook in his individual capacity in Counts I, II, and III of her Third Amended Complaint.

1

I. **Procedural History**

Bowden filed her original Complaint on April 13, 2015. (Doc. 1). In response, Defendant Rob Cook moved for a more definite statement, arguing that Bowden's Complaint was a shotgun complaint. (Doc. 7). Defendant Cook also noted that many of the Counts asserted against him, such as the federal claims asserted against him in his official capacity and the state law claims asserted against him in both his individual and official capacity, were legally insufficient. (*Id.*, at 4). Defendant Cullman County Commission moved to dismiss Bowden's Complaint because Alabama counties cannot be liable under a theory of respondeat superior for the actions of a sheriff, and because Alabama counties have no control over sheriffs in their law enforcement capacities. (Doc. 8). Bowden in turn moved for leave to file an Amended Complaint. (Doc. 9). The Magistrate Judge granted Bowden's motion and allowed her the opportunity to file an Amended Complaint. (Doc. 11).

Bowden, however, failed to correct her errors. Bowden's First Amended Complaint (doc. 13) was still a shotgun complaint. Each count of her First Amended Complaint "adopt[ed] the allegations of all preceding counts" making it "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Anderson v. Dist. Bd. of Trustees of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996). Bowden also still brought claims against the Cullman County Commission under theories of respondeat superior and negligent training and supervision of Deputy Sheriff Cook, as well as state and federal claims against Defendant Cook in both his individual and official capacity, despite the legal authority cited by the Defendants showing that such claims are not legally cognizable.

Consequently, Defendant Rob Cook moved to strike the improper shotgun pleading or

2

alternatively, moved for a more definite statement. (Doc. 17). Defendant Cullman County Commission moved again to dismiss the claims asserted against it based on respondeat superior and negligent training and supervision. (Doc. 18).

The court entered a briefing schedule and allowed Bowden to respond to these motions. (Doc. 19). Bowden, however, did not respond to Defendants' motions until over a month after the deadline set by the court in its briefing schedule. Bowden offered no explanation for the delay and did not request permission to file her responses out of time. Accordingly, the court struck her responses for failing to comply with the scheduling order. (Doc. 23).

Once these responses were stricken, the court considered the merits of Defendants' motions and granted Defendant Cook's Motion for More Definite Statement. The court ordered Bowden to provide a more definite statement in the form of a <u>final</u> Amended Complaint by October 29, 2015. The court ordered Bowden to clarify the allegations in her complaint by "stating which specific facts support each claim and apply to each Defendant." (Doc. 24).

On October 29, 2015, Bowden filed two Amended Complaints[1]. (Docs. 26 & 27). The court presumes that Bowden meant for the Third Amended Complaint, filed nine minutes after the Second Amended Complaint, to supercede the Second Amended Complaint. Nonetheless, regardless of which version of Bowden's Amended Complaint the court considers, the deficiencies remain.

In her Second and Third Amended Complaint, Bowden deleted some of the counts from her First Amended Complaint and changed the numbering of some of the provisions and counts.

---

[1] The Second and Third Amended Complaints were incorrectly titled "Motions to Amend/Correct"; however, the court terminated these motions because they were actually iterations of the Plaintiff's Complaint.

(Docs. 26 & 27, at 1). Bowden, however, <u>did not take any steps to correct the improper form of her Complaint</u>. In each Count of her Second and Third Amended Complaints, Bowden continued to reallege all of the facts contained in previous counts. (Docs. 26 & 27, ¶¶ 30, 33, 36, 44, 54, 58). Bowden made no effort to comply with the court's Order or to clarify which specific facts applied to which Defendants and to which counts in her Complaint.

Bowden also took no steps to correct the substance of her Complaint to state claims that were legally viable. Bowden continued to assert claims that were insufficient as a matter of law, including the respondeat superior claims against Cullman County Commission, the negligent supervision and training claims against Cullman County Commission, and the claims against Deputy Sheriff Rob Cook in his individual and official capacity, asserted despite his immunity.

## II.     Striking of Deficient Paragraphs and Claims

Accordingly, the court will now SUA SPONTE STRIKE the improper portions of Bowden's Third Amended Complaint.

### A.     Shotgun Pleading

First, the court will strike the paragraphs in Bowden's Complaint that improperly reallege the facts contained in previous counts – paragraphs 30, 33, 36, 44, 54, and 58. The Eleventh Circuit has consistently condemned the use of shotgun pleading. *See, e.g.*, *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 979 (11th Cir. 2008) ("[T]his court has been roundly, repeatedly, and consistently condemning [shotgun pleadings] for years, long before this lawsuit was filed."). The court has given Bowden multiple opportunities to correct the form of her pleading, yet she has repeatedly failed do so. Accordingly, these paragraphs are due to be stricken.

B.      Respondeat Superior Claims against Cullman County Commission

Next, the court will strike the state law claims asserted against Cullman County Commission under a theory of respondeat superior – Counts V, VI, and VII of Bowden's Third Amended Complaint[2]. These claims fail as a matter of law. Under Alabama law, counties cannot be held liable for sheriffs' or deputy sheriffs' actions under a respondeat superior theory. *See Parker v. Amerson*, 519 So. 2d 442, 442 (Ala. 1987) ("A sheriff is not an employee of a county for purposes of imposing liability on the county under a theory of respondeat superior."). Thus, the court will strike the portions of Counts V, VI, and VII of Bowden's Third Amended Complaint that apply to Cullman County Commission.

C.      Failure to Supervise and Train Claim against Cullman County Commission

The court will also strike the § 1983 claim brought against Cullman County Commission alleging negligent supervision and training of its officers and deputies – Count IV of Bowden's Third Amended Complaint. A county government can be held liable under § 1983 for failing to train its police officers. *See City of Canton, Ohio. v. Harris*, 489 U.S. 378, 387 (1989) (addressing the "limited circumstances in which an allegation of a 'failure to train' can be the basis for liability under § 1983"). However, for liability to attach, the Plaintiff must show "a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." *Id*. at 386.

---

[2] In Counts V and VII of her Third Amended Complaint, Bowden explicitly states that she seeks to hold Cullman County Commission liable under a theory of "Respondent Superior" [sic]. (Doc. 27, ¶¶ 51, 61). In Count VI of her Third Amended Complaint, Bowden seeks to hold the "Defendants" liable for the alleged false arrest and imprisonment made by Defendant Cook. Bowden does not state her basis for seeking to hold Cullman County Commission liable, but the court interprets this count to also be alleging liability on the basis of respondeat superior, as Bowden asserts no cognizable basis for liability.

Case law establishes that the necessary causal link between counties and sheriffs does not exist in Alabama. In *McMillian v. Monroe Cnty., Ala.*, the United States Supreme Court held that in Alabama "the county commission . . . has no direct control over how the sheriff fulfills his law enforcement duty" because "Alabama sheriffs, when executing their law enforcement duties, represent the State of Alabama, not their counties." 520 U.S. 781, 791, 793 (1997). Accordingly, Alabama county commissions cannot be liable for sheriffs' actions.

Alabama counties also cannot be liable the actions of deputy sheriffs, such as Defendant Cook, because "a deputy is legally an extension of the sheriff." *Carr v. City of Florence, Ala.*, 916 F.2d 1521, 1526 (11th Cir. 1990). Thus, the court will also strike the improper claims brought against the Cullman County Commission in Count IV of Bowden's Third Amended Complaint.

      D.    <u>State Law Claims against Deputy Sheriff Cook</u>

The court will also strike the state law claims asserted against Defendant Cook in both his individual and official capacity – Counts V, VI, and VII of Bowden's Third Amended Complaint. Defendant Cook is immune from state law claims in his official capacity. Under Alabama law, sheriffs and deputy sheriffs are executive officers of the state, and, as a result, have immunity under the Alabama Constitution. *See Hereford v. Jefferson Cnty.*, 586 So. 2d 209, 210 (Ala. 1991) (citing Ala. Const. Art. I, § 14 ("[T]he State of Alabama shall never be made a defendant in any court of law or equity.")); *see also Forehand v. Elmore Cnty.*, No. 2-14-cv-207-WHA, 2014 WL 2535190, at *2 (M.D. Ala. June 5, 2014) ("[U]nder Alabama law, a deputy sheriff is an executive officer of the state, which provides him with absolute immunity from suits for money damages under state law causes of action.").

Defendant Cook is also immune from state law claims in his individual capacity. In Alabama, "a claim for monetary damages made against a [state] constitutional officer in the officer's individual capacity is barred by State immunity whenever the acts that are the basis of the alleged liability were performed within the course and scope of the officer's employment." *Ex parte Davis*, 930 So. 2d 497, 500-01 (Ala. 2005).

Here, the acts that are the basis of Defendant Cook's alleged liability are the arrest of the Plaintiff and the subsequent strip searches conducted at the Cullman County Detention Center and the Cullman Regional Hospital. (*See* Doc. 27). Section 36-22-3(a)(4) of the Alabama Code provides that "[i]t shall be the duty of the sheriff . . . [t]o, with the assistance of deputies as necessary, ferret out crime, apprehend and *arrest criminals*, and insofar as within their power, *secure evidence* of crimes in their counties . . . ." (emphasis added). Defendant Cook was executing his statutory law enforcement duties in arresting and searching Bowden. Consequently, Defendant Cook was acting within the course and scope of his employment as a deputy sheriff, and he is entitled to immunity on the state law claims brought against him in his individual capacity.

Because Defendant Cook is entitled to immunity on the state law claims brought against him in both his individual and official capacity, the court will strike all of the state law claims brought against Defendant Cook in Bowden's Third Amended Complaint.

E.   <u>Section 1983 Claims against Deputy Sheriff Cook in his Official Capacity</u>

The court will also strike the § 1983 claims brought against Defendant Cook in his official capacity. These claims are due to be stricken and dismissed for two reasons: Defendant Cook is not a "person" under § 1983, and Defendant Cook is entitled to state immunity under the

Eleventh Amendment.

Section 1983 renders certain "persons" acting under color of law liable for deprivations of constitutional rights. 42 U.S.C. § 1983. State officials acting in their official capacities, however, are not "persons" subject to suit under § 1983. *See Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989) ("We hold that neither a State nor its officials acting in their official capacities are 'persons' under § 1983."). Because deputy sheriffs are officials of the state of Alabama, they are not "persons" under § 1983. *See McMillian*, 520 U.S. at 793 ("Alabama sheriffs, when executing their law enforcement duties, represent the State of Alabama, not their counties.").

Additionally, a state official may not be sued in his official capacity unless the State has consented to suit or waived its Eleventh Amendment immunity. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101 (1984) ("[I]n the absence of consent a suit in which the State or one of its agencies or departments [or its officials] is named as the defendant is proscribed by the Eleventh Amendment.") (citations omitted). Alabama has not waived its Eleventh Amendment immunity. *See Free v. Granger*, 887 F.2d 1552, 1557 (11th Cir. 1989). Alabama has also not consented to be sued. Therefore, Bowden may not bring suit against a state official acting in his official capacity. *See id.* ("Such an action is barred, because any damage award would be paid out of the state treasury, an impermissible occurrence under our constitutional scheme.") (citations omitted). Because Defendant Cook is a state official, Bowden may not sue him in his official capacity under § 1983.

Accordingly, because Defendant Cook is not a "person" who may be sued under § 1983 and because Defendant Cook is entitled to Eleventh Amendment state immunity, the court will strike the § 1983 claims asserted against Cook in his official capacity.

### III.     Conclusion

As explained in this Memorandum Opinion, the court will SUA SPONTE STRIKE from Plaintiff Genia Clark Bowden's Third Amended Complaint all paragraphs that improperly reallege the facts contained in previous counts, all claims asserted against Defendant Cullman County Commission, all state law claims asserted against Defendant Cook in his individual and official capacity, and all § 1983 claims asserted against Defendant Cook in his official capacity.

In striking these counts, the court will also DISMISS as legally insufficient all claims asserted against Defendant Cullman County Commission, all state law claims asserted against Defendant Cook in his individual and official capacity, and all § 1983 claims asserted against Defendant Cook in his official capacity.

Once the legally deficient claims have been stricken and dismissed, Bowden will be left with her § 1983 claims asserted against Defendant Cook in his individual capacity. These claims are found in Counts I, II, and III of Bowden's Third Amended Complaint.

Because the court has chosen to sua sponte strike these portions of Bowden's Complaint, Defendants' Motions – "Defendant Rob Cook's Motion to Strike and Dismiss" (doc. 28) and "Defendant Cullman County Commission's Motion to Strike Plaintiff's Second and Third Amended Complaints and to Dismiss" (doc. 29) – are MOOT.

DONE and ORDERED this 23rd day of December, 2015.

_____
KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE